## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, | : | Civil No. 3:20-CV-01143 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PEDRO LEON, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

This is a diversity case in which Plaintiff Empire Fire and Marine Insurance Company ("Empire") seeks a declaration that it is not obligated to defend or indemnify its insured, Defendant Pedro Leon ("Leon"), in an underlying state court action. The case is presently before the court on Empire's motion for default judgment against Leon. Leon has not filed a response to the motion or otherwise responded to Empire's complaint, but nominal Defendants Anthony Benton and Evelyn Benton ("the Bentons") have opposed the motion. For the reasons that follow, the court finds that Empire's request for declaratory relief does not present a justiciable case or controversy. Accordingly, this case is dismissed without prejudice for lack of subject matter jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Empire is an Illinois corporation with its principal place of business in Illinois that is engaged in the insurance business. (Doc. 1, ¶ 1.) Leon is a citizen

of New Jersey and the Bentons are citizens of Pennsylvania.  (*Id.* ¶¶ 2, 4.)  At the time relevant to this lawsuit, Leon was also a citizen of Pennsylvania.  (*Id.* ¶ 3.)

The underlying facts of this case began on or around April 7, 2018, when Leon rented a 2018 Chevrolet Malibu ("the rental vehicle") from PENRAC, LLC d/b/a Enterprise Rent-A-Car ("Enterprise") in Stroudsburg, Pennsylvania.  (*Id.* ¶ 7.)  At the time that he rented the vehicle, Leon purchased an optional supplemental liability protection insurance plan, which included excess insurance coverage provided by Empire ("the Empire Excess Policy").  (*Id.* ¶¶ 10–11.)

As relevant to the instant motion, the Empire Excess Policy included an indemnification clause, which required Empire to indemnify Leon for certain qualifying losses.  (*Id.* ¶ 12.)  Several categories of losses were excluded from coverage under the Empire Excess Policy, including:

> 1. Loss arising out of an "accident" which occurs while the "insured" is under the influence of alcohol or drugs, or other substances unless prescribed by a physician.
>
> 2. Loss arising out of the use of a "rental vehicle" when such use is in violation of the terms and conditions of the "rental agreement".
>
> 3. Loss arising out of the "bodily injury" or "property damage" sustained by any "insured" or any relative or family member of the "insured" who resides in the same household.
>
> . . .
>
> 7. Fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party

benefiting from the award or judgment for any actual loss or damage sustained, and any costs, expenses or fees associated with the same.

8. "Bodily Injury" or "property damage" expected or intended from the standpoint of the "insured".

(*Id.* ¶ 12.)

Leon was involved in an accident while driving the rental vehicle on April 13, 2018. (*Id.* ¶ 13.) According to the police report arising from the accident, Leon was driving under the influence of alcohol when he crashed head on into a vehicle driven by Anthony Benton. (*Id.* ¶ 14.) Leon's wife, Ruth Leon, was in the vehicle with him at the time and was killed in the accident. (*Id.*)

Leon was charged with several criminal offenses as a result of the accident. (*Id.* ¶ 15.) Additionally, the Bentons filed a civil lawsuit against Leon in the Court of Common Pleas of Monroe County, Pennsylvania. (*Id.* ¶ 16; *see also Benton v. Leon*, No. 2145 Civil 2020 (Monroe Cty. 2020).) Enterprise has retained counsel to defend Leon in the underlying lawsuit. (*See* Doc. 15, p. 14.)

In its complaint in this court, Empire asserts that the Bentons' lawsuit against Leon "could implicate" Empire's coverage of Leon. (Doc. 1, ¶ 21.) Empire accordingly brings one count for declaratory relief under the Declaratory Judgment Act, seeking a declaration that Leon is not entitled to coverage under the Empire Excess Policy and that Empire has no duty to defend or indemnify Leon in the underlying lawsuit brought by the Bentons. (*Id.* ¶¶ 24–31.) The Bentons are

additionally named as nominal defendants in the complaint due to their interest in the underlying case, though no counts are brought against the Bentons.  (*Id.* ¶ 4.) Empire does not allege that Leon has sought to hold it responsible for his defense in the underlying litigation.  (*see* Doc. 1.)

After filing its complaint, Empire completed service as to all three defendants.  (Docs. 5–7.)  The Bentons answered the complaint on August 4, 2020, *see* Doc. 8, but Leon has not yet responded to the complaint.  Accordingly, the Clerk of Court entered default as to Leon on August 20, 2020, and Empire moved for default judgment on October 2, 2020.  (Docs. 11, 14.)  Empire filed a brief in support of the motion for default judgment on October 6, 2020, the Bentons filed a brief in opposition to the motion on October 21, 2020, and Empire filed a reply brief in support of the motion on October 29, 2020.  (Docs. 15, 17–18.)

The court conducted a telephonic case management conference with the parties on November 10, 2020.  Leon appeared on his own behalf for the conference and indicated to the court that he was in the process of trying to secure counsel.  No counsel subsequently entered an appearance on Leon's behalf, so the court issued an order on January 4, 2021, which required Leon to respond to the motion for default judgment on or before January 15, 2021, and specified that if he did not respond to the motion he would be deemed not to oppose it.  (Doc. 22.)

4

Leon did not respond to the motion. Accordingly, Leon is now deemed not to oppose the motion, and the motion is ripe for the court's review.

## STANDARD OF REVIEW

When a defendant fails to respond to a plaintiff's complaint and default has been entered against that defendant, the plaintiff may move for default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). The decision to enter a default judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). In considering the entry of a default judgment, the court must determine whether: (1) the plaintiff will be prejudiced if default is denied; (2) the defendant appears to have a litigable defense; and (3) the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## DISCUSSION

In its motion for default judgment and supporting brief, Empire argues that default judgment against Leon is appropriate because Leon was driving under the influence of alcohol at the time of the underlying accident, and his accident is therefore excluded from coverage under the Empire Excess Policy. (Doc. 15, p. 11.) The Bentons argue that default judgment should be denied because the

Bentons have answered the complaint, because the question of whether Empire is required to indemnify Leon in the underlying state court litigation is not yet ripe, and because the relevant provisions of the Empire Excess Policy are void as against public policy and the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").  (Doc. 17.)  Empire responds that the Bentons' answer to the complaint does not foreclose the entry of default judgment as against Leon.  (Doc. 18, p. 2.)  Empire further argues that its claim against Leon is ripe for disposition because Empire seeks a declaration both as to its obligation to indemnify Leon and its obligation to defend Leon.  (*Id.* at 3.)  Thus, Empire argues, because the question of whether it has to defend Leon is ripe, the question of whether it has to indemnify Leon is also ripe.  (*Id.*)  Finally, Empire argues that the MVFRL does not apply to excess insurance policies like the one at issue in this case.  (*Id.*)

Because the Bentons' ripeness argument implicates the court's subject matter jurisdiction, the court must consider that argument as a threshold matter. *See Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (noting that courts are obligated to consider subject matter jurisdiction as an "antecedent question").  This remains true in a declaratory judgment action, as a federal court may only issue declaratory relief in a case in which it has subject matter jurisdiction.  28 U.S.C. § 2201; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950).

6

A district court only has subject matter jurisdiction over a claim if the claim is ripe for resolution. *Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 (3d Cir. 2018) (citing *Peachlum v. City of York, Pa.*, 333 F.3d 429, 433 (3d Cir. 2003)). "The function of the ripeness doctrine is to determine whether a party has brought an action prematurely." *Jie Fang v. Dir. U.S. Immigration & Customs Enforcement*, 935 F.3d 172, 185 (3d Cir. 2019).

When considering whether a claim is ripe, "a court must consider (1) the fitness of the issues for judicial decision and (2) the hardship to the parties from withholding judicial consideration." *Comite' de Apoyo a los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 183 (3d Cir. 2014) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967)). A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Sherwin-Williams Co. v. Cty. of Del., Pa.*, 968 F.3d 264, 272 (3d Cir. 2019) (quoting *Wyatt v. Virgin Islands, Inc.*, 385 F.3d 801, 806 (3d Cir. 2004)).

Ordinarily, an insurer's claim seeking a declaration that it does not have to indemnify its insured is not ripe "until the insured is found liable for damages in the underlying action." *American States Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005) (quoting *Cincinnati Ins. Cos. v. Pestco, Inc.*, 374 F. Supp. 2d 451, 465 (W.D. Pa. 2004)). This general rule does not govern, however, when the insurer's duty to defend the insured is also in dispute between

the parties. *ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 822–23 (3d Cir. 1981). "Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005). Thus, where both the duty to defend and the duty to indemnify are in controversy between the parties, a federal court has jurisdiction to issue declaratory relief regarding both the duty to defend and the duty to indemnify. *ACandS, Inc.*, 666 F.2d at 822–23; *accord Trustgard Ins. Co. v. Fagan*, No. 3:18-CV-00714, 2018 WL 3631935, at *5 (M.D. Pa. July 31, 2018).

On the other hand, a party cannot manufacture a case or controversy by seeking declaratory relief as to the duty to defend when there is no actual dispute between the parties over the duty to defend. *See American States Ins. Co.*, 420 F. Supp. 2d at 375–76. The duty to defend and the duty to indemnify are separate and distinct concepts. *Pa. Cty. Risk Pool v. Northland Ins.*, No. 1:07-CV-00898, 2009 WL 506369, at *5 (M.D. Pa. Feb. 27, 2009); *see also C.H. Heist Caribe Corp. v. American Home Assur. Co.*, 640 F.2d 479, 481 (3d Cir. 1981) ("[A]n insurer's obligation to defend an action against the insured is not necessarily coextensive with its obligation to indemnify the insured."). Thus, where there is no actual controversy as to whether an insurer is obligated to defend an insured, a claim seeking declaratory relief as to the duty to defend does not give a federal court jurisdiction to issue declaratory relief as to the duty to indemnify. *See, e.g.*,

8

*Selective Way Ins. Co. v. Raves Landscaping, Inc.*, No. 3:09-CV-02046, 2010 WL 11678513, at *3 (M.D. Pa. May 17, 2010); *American States Ins. Co.*, 420 F. Supp. 2d at 375–76.

  *Selective Way* and *American States* are instructive on this point.  In *Selective Way*, a defendant insured had an automobile insurance policy with State Farm Insurance Company and an umbrella liability coverage policy with Selective Way Insurance Company, which provided the insured with excess insurance coverage. *Selective Way*, 2010 WL 11678513, at *1.  A suit was brought against the insured in state court, and State Farm defended the insured in that proceeding. *Id.* Selective Way nonetheless brought a declaratory judgment action in federal court, seeking a declaration that it had no duty to defend or indemnify the insured in the underlying state court proceeding.  *Id.*  The district court dismissed the declaratory judgment action for lack of subject matter jurisdiction, finding that there was no case or controversy with respect to the duty to defend because the insured's defense in the underlying state court action was being provided by State Farm and further finding that Selective Way's claim regarding the duty to indemnify was not ripe. *Id.* at *2–4.

  Similarly, in *American States*, a plaintiff insurer brought a declaratory judgment action against a defendant insured seeking a declaration that it did not have a duty to defend or indemnify the insured in an underlying state court action,

but the duty to defend was not actually in dispute as the insurer "[did] not contest its duty to defend and [was] indeed defending the underlying action." *American States Ins. Co.*, 420 F. Supp. 2d at 374. Accordingly, because there was no case or controversy as to the duty to defend and the insured had not yet sought indemnification from the insurer in the underlying action, the court dismissed the case for lack of subject matter jurisdiction. *Id.* at 376.

This case is indistinguishable from *Selective Way*, as Empire seeks a declaration that it has no duty to defend or indemnify Leon, but there is no actual case or controversy regarding the duty to defend. By Empire's own admission, Enterprise has retained counsel to defend Leon in the underlying action. (Doc. 15, p. 14.) Thus, like the plaintiff in *Selective Way*, Empire seeks a declaration that it has no duty to defend as the insurer providing excess insurance coverage, but the primary insurer is already defending the insured and there is no allegation that the insured has sought to hold Empire responsible for the defense. The court accordingly finds that there is no case or controversy with respect to the duty to defend.

Absent a live case or controversy regarding the duty to defend, an insurer's claim seeking a declaration that it does not have to indemnify its insured is generally not ripe "until the insured is found liable for damages in the underlying action." *American States*, 420 F. Supp. 2d at 374. The court sees no reason to

10

depart from this standard in the present case.  Because the underlying state court litigation is ongoing, Leon has not been found liable for damages and has not sought indemnification from Empire.  Empire's request for a declaratory ruling that it has no duty to indemnify Leon is therefore based on "contingent future events that may not occur as anticipated, or indeed may not occur at all," *Sherwin-Williams Co*, 968 F.3d at 272, and is not ripe for the court's disposition.

Accordingly, because Empire's claim for declaratory relief does not present a justiciable case or controversy, the court will dismiss this case without prejudice for lack of subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 5, 2021